UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| K. Roger Spalding, ) | C/A 3:07-1624-CMC-BM |
| ) | |
| Plaintiff, ) | |
| ) | Report and Recommendation |
| vs. ) | |
| ) | |
| ) | |
| State of South Carolina Department of Revenue, ) | |
| ) | |
| Defendant. ) | |

### Introduction

The *pro se* plaintiff, K. Roger Spalding, who is apparently domiciled in Texas, filed this lawsuit on behalf of himself, his company SECO Manufacturing, LLC, his wife, and his daughter, against one defendant – the South Carolina Department of Revenue. Allegedly, the South Carolina Department of Revenue believed that the plaintiff owed a tax debt and in October 2006 placed a tax lien against SECO Manufacturing, LLC, and broadcasted the tax lien on the worldwide internet. The plaintiff alleges that he never owed the tax debt, and that eventually the defendant issued an "expung[e]ment letter" which declared that the tax lien was not owed. The plaintiff alleges that the defendant caused tremendous damage by broadcasting of the false tax lien on the worldwide internet, including substantially ruining his company. Allegedly, among other problems caused by the false tax lien, his suppliers reduced his lines of credit so he could not obtain materials to build his product for his customers.



Dockets.Justia.com

The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915, and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint filed in this case is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

## Discussion

The plaintiff alleges that the defendant has committed the state law torts of defamation, libel, slander, and defamacast,[1] and contends that he has diversity jurisdiction to proceed in this Court. He seeks $300,000.00 in damages and a public apology to be posted on the internet. However, the plaintiff cannot bring this action in federal court because the South Carolina

---

[1] "Defamacast" is recognized in Georgia as defamation by radio or television. *Friendship Empowerment and Econ. Dev. V. WALB-TV*, 2006 WL 1285037 (M.D. Ga. 2006). Other courts recognize that libel and slander can be committed by publishing information on a web site. *See Wiest v. E-Fense, Inc.*, 356 F.Supp.2d 604 (E.D. Va. 2005).



Department of Revenue has Eleventh Amendment immunity, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. *See, e.g., Federal Maritime Comm. v. South Carolina State Ports Auth.*, 535 U.S. 743, 122 S.Ct. 1864 (2002); *Board of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 121 S.Ct. 955 (2001); *Kimel v. Florida Board of Regents*, 528 U.S. 62, 120 S.Ct. 631 (2000) (Congress exceeded its authority in making Age Discrimination in Employment Act [ADEA] applicable to States); *Alden v. Maine*, 527 U.S. 706, 4601, 119 S.Ct. 2240 (1999); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984) (although express language of the Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); *Belcher v. South Carolina Bd. of Corr.*, 460 F. Supp. 805, 808-809 (D.S.C. 1978); and *Simmons v. South Carolina State Highway Dept.*, 195 F. Supp. 516, 517 (E.D.S.C. 1961).

Although a state may consent to suit in federal court, the State of South Carolina has only consented to suit in tort in state court under certain circumstances, but not in federal court. *See* S.C. Code Ann. § 15-78-20 (Law. Co-op. 2004). Therefore, this action should be dismissed, without prejudice, in order to allow plaintiff to pursue this matter in the courts of the State of South Carolina, if he so chooses.

<u>Recommendation</u>

Accordingly, it is recommended that the Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989);



*Haines v. Kerner*, 404 U.S. 519 (1972).

**Plaintiff's attention is directed to the important notice on the next page.**

                                  Respectfully submitted,

                                  Bristow Marchant
                                  United States Magistrate Judge

June 21, 2007
Columbia, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

